UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| RICHARD LAWSON, JR., | ) | C/A No.  4:15-01004-JMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| MAUREEN CRUZ, WARDEN FCI | ) | |
| WILLIAMSBURG, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Richard Lawson (hereinafter "Petitioner"), is currently incarcerated at the Federal

Correctional Institution (FCI) Williamsburg, located in Salters, South Carolina.  Petitioner appearing

*pro se*, filed his petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on March 2,

2015, alleging that the Bureau of Prisons (BOP) has failed to properly calculate his federal sentence.

Respondent filed a motion to dismiss or, in the alternative, motion for summary judgment on April

24, 2014, along with a return, supporting memorandum and exhibits. As matters outside of the

pleadings were submitted by the parties, the undersigned will treat this motion as one for summary

judgment under Rule 56 of the Federal Rules of Civil Procedure. The undersigned issued an order

filed April 27, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising

Petitioner of the motion for summary judgment procedure and the possible consequences if he failed

to respond adequately. (Doc. #20). Petitioner filed a response on May 21, 2015.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States
magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02
(B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered
for review by the district judge.

## DISCUSSION

## A.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable

2

to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B.  ARGUMENT OF PARTIES/ANALYSIS

Petitioner filed this action challenging the execution of his federal sentence. Specifically, Petitioner argues that the BOP miscalculated the computation of his federal sentence by failing to award him prior custody credit for time spent in service of a state sentence. Petitioner contends that he is entitled to credit toward his federal sentence for the time spent in state prison beginning April 1, 2010, as ordered by the district judge for the Middle District of Florida, at sentencing. However, Petitioner argues that the BOP refuses to give him said credit toward his sixty-three month sentence. Petitioner requests that the BOP be ordered to grant him the credit "through Attorney Generals

Office Affirmation." (Doc. #1).

Respondent submitted the declaration of Chris J. Mandes (Mandes) who attests that he is employed by the United States Department of Justice, Federal BOP, as a Management Analyst at the Designations and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. (Doc. 10-1, with attachments). The DSCC is responsible for the computation of federal inmate sentences. Id. Mandes reviewed the federal sentence computation conducted on the federal term of imprisonment for federal inmate Richard Lawson. Id. Petitioner was arrested on October 21, 2009, by the Tampa Police Department for Burglary of an Unoccupied Dwelling and Grand Theft, as well as a violation of probation. (Doc. #10-1 and Attachment 1). On April 1, 2010, Petitioner was indicted in the United States District Court in the Middle District of Florida, which charged him with Convicted Felon in Possession of a Firearm. (Doc. #10-1). On April 19, 2010, Petitioner was sentenced in the Circuit Court of Hillsborough County, Florida, to a term of four years, one month, and six days, for Burglary of an Unoccupied Dwelling, Grand Theft, and violation of probation. ( Doc.# 10-1, Attachment 2). On June 11, 2010, Petitioner was temporarily borrowed from state custody by the United States Marshals Service pursuant to a federal Writ of Habeas Corpus *ad Prosequendum*. (Doc. #10-1). During this time, the State of Florida continued to exercise primary jurisdiction over Petitioner. (Doc. #10-1, attachment 3). On February 8, 2011, Petitioner was sentenced in the United States District Court in the Middle District of Florida to a 63-month term of imprisonment for Convicted Felon in Possession of a Firearm. (Doc. #10-1). The court ordered that the federal term was to run "consecutive to the terms imposed in Hillsborough County Circuit court case numbers 09-CF-018027 and 09-CF4324" and recommended that the BOP give Petitioner day-for-day credit for time served beginning April 1, 2010. (Doc. #10-1, attachment 4).

4

On February 9, 2011, Petitioner was returned to state custody to complete his Florida state sentence. The federal judgment was filed as a detainer. (Doc. #10-1, attachment 3). On February 27, 2013, Petitioner completed his Florida state sentence and was released to the custody of the United Sates Marshals Service for designation to a BOP facility to satisfy his federal term of imprisonment. (Doc. #10-1, attachments 3 and 5). The BOP prepared a sentence computation on Petitioner based on a 63-month term of imprisonment with the sentence commencing on February 27, 2013. (Doc. #10-1). Based on the calculation, Petitioner has a projected release date of September 22, 2017, via Good Conduct Time Release. (Doc. #10-1, attachment 6). The BOP is guided by 18 U.S.C. 3585(a), and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) which provides that " a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence serve at, the official detention facility at which the sentence is to be served." (Doc. #10-1). The Program Statement further mandates that "[i]f the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*) at the time of sentence on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition. (See Program Statement 5880.28, doc. #10-1, attachment 7). Mandes states that the time from April 1, 2010, through June 10, 2010, was applied toward Petitioner's state sentence. Title 18 U.S.C. 3585(b) precludes the BOP from giving an inmate double-credit for the same custody. (Doc. #10-1). From June 11, 2010, through February 8, 2011, Petitioner was on a federal Writ of Habeas Corpus *ad Prosequendum* which was also applied to his Florida state sentence as the federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. Id. As to Petitioner's argument that

5

the court recommended in the Judgment and Commitment Order that he be given day-for-day credit for time served beginning April 1, 2010, the BOP attempts to honor the recommendations of sentencing courts, though such recommendations are not binding where the BOP is bound to observe federal statutes. Id. According to BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), if a Judgment and Commitment Order makes a recommendation that an unauthorized period of time be awarded to the sentence, the recommendation may be treated as a surplursage and the credit will not be allowed. (Doc. #10-1, attachment 7 at 4). Therefore, the court's recommendation for day-to-day credit for time served beginning April 1, 2010, is not allowed, since Petitioner had already received credit for this time period in his state sentence. Id.

It is well established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." United States v. Hayes, 535 F.3d 907, 909–10 (8th Cir.2008), cert. denied, 556 U.S. 1185, 129 S.Ct. 1983, 173 L.Ed.2d 1089 (2009).

As previously stated, Petitioner argues that he is entitled to credit toward his federal sentence for the time spent in state prison beginning April 1, 2010, as recommended by the district judge for the Middle District of Florida.  However, Petitioner asserts that the BOP refuses to give him said credit toward his sixty-three month sentence. Petitioner attached a copy of the imprisonment order which states that his federal sentence is to run "consecutive to the terms imposed in Hillsborough County Circuit court case numbers 09-CF-018027 and 09-CF-4324." (Doc. #1-4). It further states that "the court recommends" the following to the Bureau of Prisons:  "[d]ay for day credit be given

for time served beginning April 1, 2010." Id.

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). A federal sentence cannot commence before it is imposed. See 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). It is undisputed that Petitioner's federal sentence was imposed on February 8, 2011. The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for

his detention time." <u>United States v. Wilson</u>, 503 U.S. at 337. In <u>U.S. v. Vance</u>, 563 Fed. Appx. 277

(4th Cir. 2014), the court held as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...." 18 U.S.C. § 3585(b) (2012). Section 3585(b), however, does not permit a district court to determine credit at sentencing. <u>United States v. Wilson</u>, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Rather, only the Attorney General, acting through the BOP, may compute sentencing credit. <u>Id</u>. at 334–35, 112 S.Ct. 1351. A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2012), in the district of his confinement following exhaustion of available administrative remedies.

In this case, Petitioner received credit toward his state sentence from April 1, 2010, until

February 8, 2011, when he was turned over to the United States Marshals Service after satisfying

his state court sentence. (See sentence monitoring computation data sheet, doc. #10-1). Petitioner

cannot receive credit on his federal sentence that was applied to his state sentence. Additionally,

Petitioner is not entitled to credit for the time he was borrowed from state officials pursuant to the

writ of habeas corpus *ad prosequendum*. <u>See</u> Title 18 U.S.C. 3585(b) ; <u>Evans</u>, 159 F.3d at 912 (the

state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court

pursuant to such a writ). Further, a defendant is not entitled to prior custody credit for time spent in

federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was

credited against his state sentence. <u>Williamson v. Pettiford</u>, C/A No. 8:07–3739, 2008 WL 2076664,

at *4 (D.S.C. May 9, 2008). The time that Petitioner spent pursuant to a federal writ was credited

toward his Florida state sentence and, thus, could not be credited toward his federal sentence. <u>See</u>

18 U.S.C. 3585(b).

Even though the district judge recommended that Petitioner receive credit beginning April

1, 2010, recommendations are not binding on the BOP. Id. Respondent attached a copy of the BOP

Program Statement 5880.28, Sentence Computations Manual (CCA of 1984), which states that if

a Judgment and Commitment Order makes a recommendation that an unauthorized period of time

be awarded to the sentence, the recommendations may be treated as a surplusage and the credit will

not be followed. (Doc. #10-1 at 32). Therefore, it is recommended that summary judgment be

granted for Respondent.[2]


## CONCLUSION

Based on the above, it is recommended that Respondent's motion for summary judgment

---

[2] In response to summary judgment, Petitioner argues that Sentencing Guideline 5G1.3(b) was amended in 2014 and requests that this court allow him to proceed to his sentencing court in order for it to determine if *nunc proc tunc* application of this amendment is appropriate.

To the extent Petitioner seeks credit for his prior state sentences pursuant to an amendment to U.S. Sentencing Guideline Manual ("USSG") § 5G1.3(b), this is not a proper request for consideration of his § 2241 petition. In Humphrey v. Cruz, 2015 WL 1218648, (D.S.C. March 17, 2015), the court held the following:

> . . . .an allegation that USSG § 5G1.3 should have been applied is a collateral attack on Petitioner's sentence that should be brought under 28 U.S.C. § 2255. Bacon v. Fed. Bureau of Prisons, No. 6:00–cv545–DCN, 2001 WL 34684734, at *3 (D.S.C. Mar.22, 2001) (unpublished opinion) (citing Cohen v. United States, 593 F.2d 766 (6th Cir.1979)) (stating that an allegation that USSG § 5G1.3 should have been applied is an attack on the sentence imposed, not on the execution of the sentence, making it a collateral attack; see also In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.").

2015 WL 1218648, *8

(doc. #10) be granted and the petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III

August 12, 2015                          Thomas E. Rogers, III
Florence, South Carolina                 United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**