IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Richard Lawson, Jr., | ) | |
| | ) | Civil Action No. 4:15-cv-01004-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Maureen Cruz, Warden FCI Williamsburg, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16), filed on August 12, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 10) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed. The Report sets forth in detail the relevant facts and legal standards on this matter, and this court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the

1

recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed no objections to the Report in this case. In the absence of timely filed objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, this court determines that the Report provides an accurate summary of the facts and law. The court **ADOPTS** the findings of the Magistrate Judge's Report and Recommendation (ECF No. 16). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 10) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 2, 2015
Columbia, South Carolina

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.